UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 15, 2021

LETTER TO COUNSEL

    RE:   *Judith R. v. Kijakazi*
           DLB-20-743

Dear Counsel:

      On March 19, 2020, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment and plaintiff's response. Pl.'s Mem., ECF 14; Def.'s Mem., ECF 22. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

      Plaintiff filed her claim for benefits on October 26, 2016, alleging an onset date of January 1, 2011. Administrative Transcript ("Tr.") 149. Plaintiff's date last insured ("DLI") was March 31, 2017. Tr. 16. The SSA denied her claims initially and on reconsideration. Tr. 59, 72. An Administrative Law Judge ("ALJ") held a hearing on November 14, 2018. Tr. 28–50. At the point which an ALJ would typically present a VE with functional limitations to determine what work a hypothetical individual identical to the claimant could perform, the ALJ ended her examination of the VE:

> ALJ: All right. Now counsel, this is where we get to the part where I stop, because I don't have a suggested set of limitations from DDS. I don't have a suggested set of limitations from any treating source, or any consultative source. I will allow you to ask whatever questions you might have of [the VE], and then I can offer an opportunity for you to submit a medical source statement from a treating source. It looks like in this case it would be a—are you undergoing any psychiatric care?
> [Plaintiff]: Yes.

*Judith R. v. Kijakazi*
DLB-20-743
September 15, 2021
Page 2

> ALJ: Okay.  Before I proceed, let me hear a little bit about that from a treating source, perhaps physical and/or mental.  And then I can also suggest a psychological consultative examination.

Tr. 46.

At the ALJ's suggestion, plaintiff underwent a consultative examination on December 13, 2018, and the examiner reported her opinion on December 23, 2018.  Tr. 685.  The ALJ then requested answers to medical interrogatories in a letter dated January 9, 2019.  Tr. 693.  A medical expert responded to the interrogatories in a report dated January 29, 2019.  Tr. 704–15.  The ALJ's final decision, in which she found plaintiff was not disabled, was signed on March 1, 2019.  Tr. 22.  The ALJ concluded at step two of the sequential analysis that plaintiff produced sufficient evidence of several medically determinable impairments, including depressive disorder and anxiety disorder, but found that none of her impairments were severe.  Tr. 18.  Accordingly, the ALJ concluded plaintiff was not disabled.  Tr. 13–27.  In the decision, the ALJ did not weigh—or even discuss—the examiner's and the expert's opinions.  *See* Tr. 13–27.  Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA.  Tr. 1–6; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

On appeal, plaintiff argues the ALJ erred at step two in finding plaintiff's medically determinable impairments were not severe because the ALJ failed to discuss the December 2018 consultative examiner's opinion and the January 2019 medical expert's interrogatory answers, both of which were generated after the hearing.  Pl.'s Mem.; *see* Tr. 16.  Plaintiff also argues the ALJ erred in evaluating her credibility.  I agree the ALJ erred with respect to her step-two finding.  Accordingly, I remand, but I express no opinion as to plaintiff's ultimate entitlement to benefits.

"Medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI."  *Bird v. Cmm'r Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012) (citing *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987)).  Whether a post-DLI medical opinion is appropriately considered depends upon whether "that evidence permits an inference of linkage with the claimant's pre-DLI condition."  *Id.* at 341 (citing *Moore v. Finch*, 418 F.2d 1224, 1226 (4th Cir. 1969)).  Thus, where an ALJ fails to consider post-DLI evidence that "could be reflective of a possible and earlier progressive degeneration," remand is warranted.  *See, e.g.*, *Moore*, 418 F.2d at 1226.  Conversely, post-DLI evidence is irrelevant if it refers only to impairments lacking "objective medical evidence" of existence prior to the claimant's DLI.  *See, e.g.*, *Johnson v. Barnhart*, 434 F.3d 650, 656 (4th Cir. 2005).

The ALJ's decision contains no reference to the two opinions submitted after the hearing even though the ALJ initiated both evaluations.  *See* Tr. 13–27.  The two opinions related to plaintiff's depression and anxiety, both pre-DLI conditions.  Tr. 691, 714.  The Commissioner argues the opinions are irrelevant because the evidence post-dates plaintiff's DLI.  Def.'s Mem. 6.  This argument is without merit.  The relevance of evidence is not subject to a bright line rule that

permits consideration only if the evidence is generated before a claimant's DLI. *Bird*, 699 F.3d at 340. Rather, relevance depends on whether the "evidence permits an inference of linkage with the claimant's pre-DLI condition." *Id.* at 341. Here, there is clearly a linkage. At least one opinion—the expert's responses to the interrogatories—was formed based on the "exhibits selected for inclusion in the record of this case" and therefore was formed based on the records pre-dating plaintiff's DLI. *See* Tr. 693. Indeed, the expert who formed that opinion cited to Exhibits 4E, 2F, 7F, 11F, 12F, 14F, and 15F. Tr. 713. Exhibits 4E, 2F, and 7F contain evidence that exclusively pre-dates plaintiff's DLI. Tr. 185–92, 274–76, 303–85. Exhibit 12F contains evidence the expert cited that both pre- and post-dated plaintiff's DLI. Tr. 404–35, 713. Thus, here, as in *Bird*, the ALJ's failure to consider the expert's opinion requires remand. *See Bird*, 699 F.3d at 341–42 (holding the ALJ erred in failing to give consideration to post-DLI reports which contained details about the plaintiff's pre-DLI psychological impairment and remanding for further explanation).

The Commissioner alternatively argues any error with respect to the ALJ's failure to discuss the post-DLI evidence is harmless. I disagree. The ALJ denied plaintiff's claim by finding that plaintiff failed to demonstrate the existence of a "severe" impairment. Tr. 13–27. "Severe" is a term of art. With respect to mental impairments, the ALJ rates a claimant's level of functioning in four broad, functional areas. 20 C.F.R. § 404.1520a(c). When a claimant's degree of limitation is none or mild in all functional areas, the claimant's mental impairment is not severe. *Id.* § 404.1520a(d)(1). Thus, when a claimant has a limitation in any functional area that is at least moderate, the claimant's mental impairment is severe. *Id.* In this case, the medical expert who answered the ALJ's interrogatories opined plaintiff was moderately limited in her ability to interact with others. Tr. 709. The expert also noted plaintiff was moderately limited in several abilities considered under the broad, functional area of understanding, remembering, and carrying out instructions, Tr. 704, though the expert elsewhere opined plaintiff's overall limitation in that broad area was mild, Tr. 709.

The consultative examiner, moreover, conducted the WAIS-IV cognitive test and found plaintiff's cognitive ability was in the "borderline range." Tr. 691. The examiner also opined plaintiff's "anxiety and emotional distress [were] clearly interfering with her functioning." Tr. 691. The examiner concluded plaintiff's "[s]ymptoms [were] consistent with post traumatic stress disorder, panic disorder, and major depressive disorder, recurrent, moderate." Tr. 691. The examiner concluded plaintiff did "not have the ability to manage any potential benefits independently." Tr. 691. Significantly, the report also contains several references to plaintiff's pre-DLI condition. *See, e.g.*, Tr. 686 (discussing plaintiff's mental health history as far back as her childhood).

Each opinion therefore permits an inference of linkage to plaintiff's pre-DLI condition. The linkage should come as no surprise because the ALJ herself specifically requested the evidence in the first instance after finding she needed additional evidence to adjudicate plaintiff's claim. *See* Tr. 46. Further, the unconsidered opinions create an unresolved conflict in evidence the ALJ left unexplained. The conflict goes to the very heart of the ALJ's denial, which the ALJ based on a step-two finding of non-severity. Accordingly, I disagree the error is harmless. Remand is appropriate so the ALJ can clarify her reasoning.

*Judith R. v. Kijakazi*
DLB-20-743
September 15, 2021
Page 4

      Finally, because I remand for the ALJ's failure to consider apparently relevant evidence, I decline to decide whether the ALJ permissibly discredited plaintiff's subjective complaints. The ALJ may consider these arguments on remand.

      For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 14, is denied, and the Commissioner's motion for summary judgment, ECF 22, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

      Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

      Sincerely yours,

      /s/

      Deborah L. Boardman
      United States District Judge